IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM GALLAWAY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:26-cv-0449 |
| | ) | |
| v. | ) | Magistrate Judge Patricia L. Dodge |
| | ) | |
| J. FETTERMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

It is respectfully recommended that the Court dismiss the Complaint (ECF No. 5) filed by Plaintiff William Gallaway in accordance with 28 U.S.C. § 1915(e).

**II.      REPORT[1]**

**A.  Background**

William Gallaway, an inmate currently confined at State Correctional Institution ("SCI") at Greene, filed this pro se civil rights action along with a motion for leave to proceed in forma pauperis ("IFP") on March 17, 2026. (ECF No. 1.) The Court granted his IFP motion and docketed the Complaint. (ECF Nos. 4, 5.)

The Complaint asserts claims under the Eighth Amendment against SCI Greene medical staff J. Fetterman and John/Jane Does #1-4 (collectively "Defendants").[2] Gallaway alleges that between March and October 2023, Defendants deliberately delayed and/or denied him care for "two (2) separate in-grown toenails, one (1) on each of his respective 'Great Toes[.]'" (ECF No. 5

---

[1] The following background is based on the facts alleged in the Complaint.
[2] The Complaint asserts "Eighth Amendment Violation/Deliberate Indifference" (Count I) and "Eighth Amendment Violation/Cruel and Unusual Punishment" (Count II) against all Defendants.

at 1). As a result, he claims to have suffered "extreme foot/toe pain, infection," along with "[a]nxiety, depression, etc." (*Id.* ¶¶ 33-34.)

### B.  Standard of Review

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to screen complaints filed by plaintiffs granted leave to proceed in forma pauperis and to dismiss the action sua sponte if the complaint fails to state a claim or is frivolous or malicious. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (citing 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)). The legal standard for dismissing a complaint under these statutes for failure to state a claim is identical to the legal standard used when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

Because Gallaway is proceeding pro se, his allegations "however inartfully pleaded" must be held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."). Additionally, the Court must "apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim[,]" and "they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* at 245

### C.  Discussion

Eighth Amendment claims for inadequate medical treatment or denial of care such as Gallaway's are asserted under 42 U.S.C. § 1983. The length of the statute of limitations for a §

1983 claim is governed by the personal injury tort law of the state where the cause of action arose, which in Pennsylvania is two years. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387, (2007)); 42 Pa. Cons. Stat. § 5524(2). Where the viability of a statute of limitations defense can be clearly discerned from the complaint, the Third Circuit has indicated that summary dismissal under § 1915(e) is appropriate. *McPherson v. United States*, 392 Fed. Appx. 938, 943 (3d Cir. 2010) ("We agree that when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915"); *Smith v. Delaware Cty. Court*, 260 Fed. Appx. 454, 455 (3d Cir. 2008) ("[A]lthough the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required."); *Villanueva v. Lycoming Cty. Prison Owner/Owners*, 2013 WL 572561, at *4 (M.D. Pa. Jan. 15, 2013) ("[W]hen conducting a screening review of a pro se complaint under 28 U.S.C. § 1915, a court may consider whether the complaint is barred under the applicable statute of limitations.").

Here, the Complaint is dated February 24, 2026. (ECF No. 5.) The medical care forming the basis of Gallaway's claims is alleged to have occurred on various dates in March, May, July, August, September, and October 2023. Gallaway specifically alleges that "between the approximate dates of MARCH 8th, 2023 and OCTOBER 6th, 2023, DEFENDANT FETTERMAN did intentionally delay or deny PLAINTIFF timely and adequate medical treatment for his injury." (*Id.* ¶ 18) (emphasis in original). The latest date of any alleged wrongful conduct by all other defendants aside from Defendant Fetterman is October 12, 2023. The Complaint does not allege that any ongoing harm resulted from the medical care Gallaway received at SCI Greene during this time.

Thus, all events alleged in the Complaint occurred well before February 24, 2024—i.e., the earliest date on which any allegation in the complaint could be deemed timely. Gallaway's § 1983 claims are therefore barred by the two-year statute of limitations applicable to § 1983 actions.

### D. Amendment

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Because Gallaway's claims are plainly barred by the statute of limitations, any attempt at amendment would be futile. *See, e.g.*, *Bressi v. Gembic*, 2018 WL 3596859, at *7 (M.D. Pa. July 2, 2018) (denying leave to amend where claims "clearly and universally lack merit and are legally frivolous").

## III.   CONCLUSION

For these reasons, it is respectfully recommended that this action be dismissed with prejudice in accordance with 28 U.S.C. § 1915(e).

## IV.   NOTICE

Under the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, any party is allowed (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. *See Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: April 2, 2026                                    /s/Patricia L. Dodge
                                                         PATRICIA L. DODGE
                                                         United States Magistrate Judge

4