IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM GALLAWAY,

        Plaintiff,                           26cv0449
                                           ELECTRONICALLY FILED

    v.

J. FETTERMAN, JOHN/JANE DOES' #1-4,

        Defendants.

**<u>Memorandum Order</u>**

On March 17, 2026, Plaintiff William Gallaway's *pro se* Complaint against Defendants

SCI Greene medical staff J. Fetterman and John/Jane Does #1-4 was lodged pending disposition

of Plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"), and referred to

United States Magistrate Judge Patricia Dodge for pretrial proceedings in accordance with the

Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D.

(Doc. 1).

On March 27, 2026, Plaintiff's IFP Motion was granted as set forth by Court Order and

Plaintiff's Complaint was filed.  (Doc. 4) (Doc. 5).

Plaintiff's Complaint asserts that Defendants violated Plaintiff's rights under the Eighth

Amendment to the United States Constitution by providing inadequate medical treatment and

denying medical care to Plaintiff.  (Doc. 1).

On April 2, 2026, Magistrate Judge Dodge filed a Report and Recommendation, in which

she recommended that Plaintiff's Complaint be dismissed with prejudice in accordance with 28

U.S.C. § 1915(e) for the following two reasons.

> First:
>
> Eighth Amendment claims for inadequate medical treatment or denial of care such as Gallaway's are asserted under 42 U.S.C. § 1983. The length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose, which in Pennsylvania is two years.
>
> Here, the Complaint is dated February 24, 2026. (ECF No. 5.) The medical care forming the basis of Gallaway's claims is alleged to have occurred on various dates in March, May, July, August, September, and October 2023. Gallaway specifically alleges that "between the approximate dates of MARCH 8th, 2023 and OCTOBER 6th, 2023, DEFENDANT FETTERMAN did intentionally delay or deny PLAINTIFF timely and adequate medical treatment for his injury." (Id. ¶ 18) (emphasis in original). The latest date of any alleged wrongful conduct by all other defendants aside from Defendant Fetterman is October 12, 2023. The Complaint does not allege that any ongoing harm resulted from the medical care Gallaway received at SCI Greene during this time.
>
> Thus, all events alleged in the Complaint occurred well before February 24, 2024—*i.e.,* the earliest date on which any allegation in the complaint could be deemed timely. Gallaway's § 1983 claims are therefore barred by the two-year statute of limitations applicable to § 1983 actions [

(Doc. 7 at 3-4) (citations omitted).

> Second:
>
> The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017); *Grayson v. Mayview State Hosp*., 293 F.3d 103, 108 (3d Cir. 2002). Because Gallaway's claims are plainly barred by the statute of limitations, any attempt at amendment would be futile. *See, e.g*., *Bressi v. Gembic*, 2018 WL 3596859, at *7 (M.D. Pa. July 2, 2018) (denying leave to amend where claims "clearly and universally lack merit and are legally frivolous").

(*Id.* at 4).

In the Report and Recommendation, Plaintiff was informed that, in accordance with the

Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of

Court, he had fourteen (14) days from the date of the Report and Recommendation to file any

objections to the Report and Recommendation, and that failure to do so will waive Plaintiff's right to appeal.

Service of the April 2, 2026 Report and Recommendation was made on Plaintiff via U.S. First Class Mail.

To date, no objections to the April 2, 2026 Report and Recommendation have been filed by Plaintiff.

After *de novo* review of Plaintiff's Complaint and other documents in this case, together with Magistrate Judge Dodge's thorough April 2, 2026 Report and Recommendation, the following Order is entered:

It is hereby ORDERED that Plaintiff's Complaint (Doc. 5) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Magistrate Judge Dodge's April 2, 2026 Report and Recommendation (Doc. 7) is adopted as the Opinion of the Court.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED.

SO ORDERED this 27th day of April, 2026,
s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     WILLIAM GALLAWAY
        QL2849
        SCI GREENE
        169 PROGRESS DRIVE
        WAYNESBURG, PA 15370

3